RE: MAINTENANCE AND REPAIR OBLIGATIONS OF OPA
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF FEBRUARY 2, 1989 CONCERNING THE DUTY, IF ANY, OF THE OFFICE OF PUBLIC AFFAIRS TO PAY FOR REPAIR AND MAINTENANCE OF EQUIPMENT AND/OR RENOVATED OFFICE SPACE IN STATE BUILDINGS. HE HAS ASKED ME TO RESPOND TO YOU THROUGH THIS LETTER.
PLEASE BE ADVISED THAT WHETHER OR NOT THE OFFICE OF PUBLIC AFFAIRS HAS ANY DUTY TO FUND REPAIRS OF "EQUIPMENT", OR EVEN OF OFFICE SPACE THAT HAS BEEN RENOVATED FOR SPECIAL USES BY A STATE AGENCY IS ULTIMATELY A QUESTION OF FACT THAT MUST BE DETERMINED ON A CASE-BY-CASE BASIS. ORDINARILY, IF ITEMS ARE INDEED PROPERLY IDENTIFIABLE AS "EQUIPMENT", AS OPPOSED TO PERMANENT "FIXTURES", OPA WOULD ORDINARILY HAVE NO DUTY TO MAINTAIN, REPAIR, OR REPLACE SAME OUT OF ITS FUNDS DEVOTED TO BUILDING MAINTENANCE.
EVEN IF AN ITEM IS PROPERLY CLASSIFIABLE AS A/'FIXTURE/', OPA STILL MAY HAVE NO DUTY TO REPAIR SAME WITH ITS FUNDS IF THE AGENCY IN QUESTION HAS MADE SPECIALIZED RENOVATIONS WITHOUT PRIOR OPA APPROVAL. I HAVE HAD THE OPPORTUNITY TO PERSONALLY REVIEW THE FORMS THAT OPA CURRENTLY USES IN LEASING OUT STATE OFFICE SPACE TO STATE AGENCIES, AND ALSO TO REVIEW THE FORMS THAT OPA USES WHEN A STATE AGENCY LEASES SPACE FROM A PRIVATE ENTITY. THERE IS A PROVISION ON THE STANDARD STATE BUILDING LEASE FORM THAT ASKS THE AGENCY TO IDENTIFY ANY PARTICULARIZED USES THAT THE SPACE IS INTENDED TO BE UTILIZED FOR. QUITE POSSIBLY, ANY AGENCY THAT RENOVATED OFFICE SPACE IN ITS TEMPORARY CONTROL SO AS TO USE THE SPACE TO ENGAGE IN A PARTICULARIZED, HAZARDOUS ACTIVITY WITHOUT HAVING FIRST INFORMED OPA OF THE SPECIAL USE WOULD BE IN VIOLATION OF ITS LEASE TERMS, HENCE ABSOLVING OPA OF ANY DUTY TO FIX ANY HAZARDS WHICH THE AGENCY ITSELF IS RESPONSIBLE FOR CAUSING.
HOWEVER, IN THIS REGARD, I FEEL COMPELLED TO NOTE THAT I PERSONALLY CONSIDER THE FORMS THAT OPA USES BOTH FOR LEASING STATE SPACE TO AGENCIES, AND FOR LEASING SPACE FROM PRIVATE LESSORS FOR USE BY THE STATE, TO BE QUITE INADEQUATE, LACKING A NUMBER OF CLAUSES THAT WOULD BE CONSIDERED ROUTINE IN A PRIVATE LEASEHOLD TRANSACTION, AND RESULTING IN A VERY DISTINCT POSSIBILITY OF MORE INVOLVED LITIGATION THAN IS NECESSARY IN THE EVENT OF A DISPUTE. I UNDERSTAND THAT THE STATE, DUE TO ITS BARGAINING POWER, RARELY BECOMES INVOLVED IN SUCH LITIGATION, BUT NONETHELESS URGE YOU TO CONSIDER HAVING THESE FORMS REVIEWED AT LENGTH BY YOUR OFFICE.
I ALSO NOTE FOR YOUR INFORMATION THE POSSIBILITY OF OPA AND/OR ANY STATE AGENCY THAT IS CONFRONTED WITH A HAZARDOUS SITUATION TO REQUEST SPECIAL FUNDING FROM THE CONTINGENCY REVIEW BOARD.
(MICHAEL SCOTT FERN)